| | |
|---|---|
| Adam J. Berger, WSBA #20714<br>berger@sgb-law.com<br>Lindsay L. Halm, WSBA #37141<br>halm@sgb-law.com<br>Schroeter Goldmark & Bender<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br><br>Telephone: (206) 622-8000<br>Facsimile:  (206) 682-2305 | _____FILED  _____ENTERED<br>_____LODGED_____RECEIVED<br><br>OCT 19 2009  **DJ**<br>AT SEATTLE<br>CLERK U.S. DISTRICT COURT<br>WESTERN DISTRICT O: WASHINGTON<br>                                     DEPUT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND SCOTT RIPLEY, individually, and as class representative,

    Plaintiff,

v.

BRIDGESTONE AMERICAS INC., a Nevada corporation,

    Defendant.

No. **CV9 1482 MJP**

COMPLAINT — CLASS ACTION



09-CV-01482-CMP

## I.  NATURE OF ACTION

1.1. Plaintiff brings this class action for money damages and statutory penalties for wage law violations on behalf of himself and current and former employees of Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Washington Minimum Wage Act ("MWA"), RCW Ch. 49.46, and the Washington Wage Rebate Act, RCW Ch. 49.52.

1.2. Plaintiff also brings individual claims for money damages and statutory

COMPLAINT — CLASS ACTION - 1

ORIGINAL

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

penalties against Defendant for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and for wrongful termination in violation of public policy.

## II. JURISDICTION AND VENUE

2.1. The federal district court for the Western District of Washington has jurisdiction over Plaintiff's and the putative class members' claims arising under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over Plaintiff's and the putative class members' state law wage claims pursuant to 28 U.S.C. § 1367.

2.2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617 and supplemental jurisdiction over Plaintiff's state law claim for wrongful termination pursuant to 28 U.S.C. § 1367.

2.3. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391.

2.4. All or a significant portion of the acts and omissions alleged herein took place in Snohomish County in the State of Washington.

## III. PARTIES

3.1. Plaintiff Raymond Scott Ripley is a resident of Everett, Washington. He was formerly employed by Defendant as an automotive technician at the Defendant's "Firestone Complete Auto Care" store in Mill Creek, Washington.

3.2. Defendant Bridgestone Americas Inc. is a Nevada corporation with a principal place of business in Nashville, Tennessee.

3.3. Defendant does business in the State of Washington and throughout the United States at various retail locations, several of which do business under the name of Firestone Complete Auto Care. Defendant is an "employer" for purposes of the wage and

COMPLAINT — CLASS ACTION - 2

hour laws at issue in this case.

3.4. On information and belief, Defendant employs more than 50 people in the greater Puget Sound area.

## IV. FACTUAL ALLEGATIONS

4.1. Plaintiff and members of the proposed class work and have worked for Defendant as automotive technicians and in other similar positions.

4.2. Plaintiff and class members work and have worked in excess of 40 hours per week, for which Defendant has not paid them required overtime wages (i.e., one and one-half times the regular rate of pay for hours worked in excess of 40 hours a week) for all time worked.

4.3. Defendant knew that Plaintiff and other class members were working in excess of 40 hours per week without receipt of required overtime wages, and nevertheless continued to require and allow such pay practices to continue.

4.4. In failing to adequately compensate Plaintiff and members of the class for their overtime work, Defendant has acted willfully and with the intent of depriving Plaintiff and members of the class of the requisite overtime compensation.

4.5. Plaintiff worked for Defendant for approximately 18 years before he was fired while out on medical leave. During the twelve months prior to his termination, Plaintiff worked well over 1,250 hours and took fewer than two weeks off.

4.6. While at work on Monday, April 6, 2009, Plaintiff experienced severe flu-like symptoms, including vomiting. Plaintiff was forced to stay home for the next several days, during which he kept in contact with his store manager. When Plaintiff's condition did not improve by Thursday or Friday of that week, his store manager instructed him to seek

COMPLAINT —CLASS ACTION - 3

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

medical attention and get a doctor's release before returning to work.

4.7. The following Monday, April 13, 2009, Plaintiff checked into Providence Regional Medical Center in Everett where he spent several hours undergoing a variety of tests so the doctors could determine the cause of his illness. Sometime that day or the next, the service manager left a voicemail on Plaintiff's phone telling him he was fired.

4.8. Plaintiff's condition improved over the next few days; he would have been able to return to work on or around Monday, April 20, 2009 had he not been fired.

## V.   COLLECTIVE ACTION ALLEGATIONS

5.1. Plaintiff files this action on behalf of himself and similarly situated co-workers pursuant to the FLSA, 29 U.S.C. § 216(b). The class of potential plaintiffs included in this collective action includes all past and present employees of Defendant working in the United States as automotive technicians and those holding similar positions at any time during the three years preceding the filing of this complaint.

5.2. The employees so described are similarly situated to plaintiffs with respect to the legal and factual issues raised by this action.

## VI.   CLASS ACTION ALLEGATIONS

6.1. Plaintiff also seeks to represent all past and present employees of Defendant working in Washington as automotive technicians and those holding similar positions at any time during the three years preceding the filing of this complaint, pursuant to the Washington MWA and related state wage laws.

6.2. The action is properly maintainable under Fed. R. Civ. P. 23(a) and (b).

6.3. The class described in paragraph 6.1 is sufficiently numerous such that joinder of all of them is impractical, as required by Fed. R. Civ. P. 23(a)(1).

COMPLAINT—CLASS ACTION - 4

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

6.4. Pursuant to Fed. R. Civ. P. 23(a)(2), there are common questions of law and fact including, but not limited to, whether Defendant failed to pay class members overtime wages for all work in excess of 40 hours per week.

6.5. Pursuant to Fed. R. Civ. P. 23(a)(3), the class representative's wage and hour claim is typical of the claims of all class members and of Defendant's anticipated affirmative defenses thereto.

6.6. The class representative will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).

6.7. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. FIRST CAUSE OF ACTION - CLASSWIDE FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

7.1. Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 4.4. and 5.1 through 5.2 above.

7.2. Defendant's failure to pay Plaintiff and similarly situated employees one and one-half their regular rate of pay for hours worked in excess of 40 hours in their workweek constitutes a violation of the FLSA, 29 U.S.C. § 207, *et. seq*.

7.3. Defendant's violations were willful, thereby entitling Plaintiff and similarly situated employees to the three-year FLSA statute of limitations.

7.4. As a result of Defendant's acts and omissions, Defendant is liable for overtime wages and liquidated damages under 29 U.S.C. 216(b) in amounts as will be proven

COMPLAINT —CLASS ACTION - 5

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

at trial.

## VIII. SECOND CAUSE OF ACTION - CLASSWIDE FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE MINIMUM WAGE ACT

8.1.   Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 4.4. and 6.1 through 6.7 above.

8.2.   Defendant's failure to pay class members one and one-half times their regular rate of pay for hours worked in excess of 40 hours in their workweek constitutes a violation of RCW 49.46.130.

8.3.   As a result of Defendant's acts and omissions, Plaintiff and the class members have been damaged in amounts as will be proven at trial.

## IX. THIRD CAUSE OF ACTION - CLASSWIDE WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF RCW § 49.52

9.1.   Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 4.4. and 6.1 through 6.7 above.

9.2.   By the foregoing, Defendant's actions constitute a willful withholding of wages in violation of RCW 49.52.050 and .070.

9.3.   As a direct and proximate result of the foregoing, Plaintiff and the class members have suffered and continue to suffer loss of compensation in amounts as will be proven at trial.

## X. FOURTH CAUSE OF ACTION – INDIVIDUAL CLAIM FOR FAMILY MEDICAL LEAVE ACT VIOLATION

10.1.   Plaintiff restates and realleges the allegations set forth in paragraphs 1.1 through 4.8 above.

10.2.   Defendant has wrongfully discharged Plaintiff and violated his right to unpaid leave for his serious health condition in violation of the FMLA, 29 U.S.C. §§ 2612 and 2615.

COMPLAINT —CLASS ACTION - 6

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

10.3. As a result of Defendant's acts and omissions, Plaintiff has been damaged in amounts as will be proven at trial.

## XI. FIFTH CAUSE OF ACTION – INDIVIDUAL CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

11.1. Plaintiff realleges paragraphs 1.1 through 4.8 above.

11.2. As a result of the foregoing events, Plaintiff was wrongfully terminated in violation of public policy under the laws of the State of Washington.

11.3. As a result of Defendant's acts and omissions, Plaintiff has been damaged in amounts as will be proven at trial.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter an order granting him and class members the following relief:

a) Certification of Plaintiff's First Cause of Action as a collective action pursuant to 29 U.S.C. § 216(b);

b) Certification of Plaintiff's Second and Third Causes of Action as a class action pursuant to Fed. R. Civ. P. 23, the MWA, RCW 49.48 and RCW 49.52;

c) Court approved notice of the pendency of this collective action to similarly situated employees pursuant to the FLSA, 29 U.S.C. § 216(b);

d) Damages for unpaid overtime wages in amounts to be proven at trial;

e) Exemplary damages in amounts equal to double the overtime wages due to Plaintiff and the class members, pursuant to RCW 49.52.070;

f) Liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

g) Damages for lost wages resulting from Defendant's violation of the FMLA and wrongful termination of Plaintiff pursuant to the FMLA, 29 U.S.C. § 2617(a), and

COMPLAINT —CLASS ACTION - 7

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Washington common law;

   h) Damages for actual monetary losses resulting from Defendant's violation of the FMLA and wrongful termination of Plaintiff pursuant to the FMLA, 29 U.S.C. § 2617(a) and Washington common law;

   i) Liquidated damages pursuant to the FMLA, 29 U.S.C. § 2617(a);

   j) Attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 2617(a), RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070;

   k) Prejudgment interest; and

   l) Such other and further relief as the Court deems just and proper.

DATED this 16th day of October, 2009.

            SCHROETER, GOLDMARK & BENDER

            *[signature]*

            ADAM J. BERGER, WSBA #20714
            LINDSAY HALM, WSBA #37141
            Counsel for Plaintiff

COMPLAINT—CLASS ACTION - 8

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305